UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OSCAR GRISSETTE, | ) | |
| Plaintiff, | ) | |
| v. | ) | 14-CV-1478 |
| JODY REED, JOHN WEAVER, and ROBBIE JOHNSON, | ) ) ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

**MICHAEL M.MIHM, U.S. District Judge.**

Plaintiff, proceeding pro se and incarcerated in the Lawrence Correctional Center, seeks leave to proceed in forma pauperis on retaliation claims regarding incidents which occurred in the Illinois River Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### ALLEGATIONS

Plaintiff alleges that he was terminated from an industry assignment in March of 2012. He filed a grievance, but Defendant Johnson allegedly destroyed the grievance. Plaintiff filed another grievance and then contacted Assistant Warden Jackson. Jackson

directed Plaintiff's reinstatement, but Defendant Weaver did not reinstate Plaintiff.  Plaintiff filed another grievance, whereupon Defendant Johnson told Plaintiff that Defendants Reed and Weaver would make sure that Plaintiff did not get reinstated to his job. Plaintiff again contacted Assistant Warden Jackson.  This time, Plaintiff was reinstated, but Jackson warned Plaintiff that Defendants Reed and Weaver did not want Plaintiff in the job and would terminate Plaintiff "for any little misstep." (Complaint para. 15.)

About one week after Plaintiff's reinstatement, Plaintiff was terminated again.  Defendant Reed wrote a false disciplinary report accusing Plaintiff of damaging equipment, which resulted in Plaintiff being assessed $900 against his inmate account.  Plaintiff challenged Reed's report and filed a grievance against Reed for the false disciplinary report.  According to Plaintiff, Defendant Johnson intercepted and denied that grievance, contrary to standard procedures.

## ANALYSIS

Retaliation against inmates for exercising First Amendment rights violates the U.S. Constitution.  Plaintiff had a qualified First

Amendment right to file a grievance and to engage in speech to obtain reinstatement to his prison job.  At this stage, Plaintiff states a plausible claim for retaliation.  *See Pell v. Procunier*, 417 U.S. 817, 822 (1974)("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010)("A prisoner has a First Amendment right to make grievances about conditions of confinement."); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996)(retaliation against an inmate for exercising constitutional rights is unconstitutional).  The case will therefore proceed per the standard procedures.

**IT IS THEREFORE ORDERED:**

    1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim that he was retaliated against for exercising his protected First Amendment rights.  This case proceeds solely on the claim identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **Plaintiff's motion to waive the initial partial filing fee is granted (5). Plaintiff has no money in his account.**

12) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: May 5, 2015

FOR THE COURT:

                        **s/Michael M. Mihm**
                        MICHAEL M. MIHM
                UNITED STATES DISTRICT JUDGE